UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>UNM RAINFOREST INNOVATIONS,<br><br>Defendant. | Case No. 24-mc-80142-SVK<br><br>**ORDER TRANSFERRING MOTION TO QUASH TO WESTERN DISTRICT OF TEXAS**<br><br>RE: DKT. NO. 1 |

    Before the Court is Petitioner ASUS Computer International's ("Petitioner" or "ACI") motion to quash a deposition subpoena ("ACI subpoena") served by Respondent UNM Rainforest Innovations ("Respondent" or "UNM") in an underlying patent infringement action pending in the Western District of Texas styled as *UNM Rainforest Innovations v. ASUSTeK Computer Inc.*, 6:20-cv-00142-ADA. On the record before this Court, it is not disputed that Petitioner ACI is a wholly owned subsidiary of the defendant in the underlying action, ASUSTeK Computer Inc. ("ASUSTeK") and that ACI and ASUSTeK are represented by the same counsel, Marcus Barber. Dkt. 12-3 (Opposition) at 3-4.

    ACI makes two substantive arguments to quash: (1) ACI would be subject to undue burden because in the underlying action ASUSTeK provided a Rule 30(b)(6) witness regarding ASUSTeK and ACI's relationship and the Texas court has granted UNM's request to depose ASUSTeK on sales-related information; and (2) ACI would be subject to further undue burden as a result of UNM's gamesmanship of serving an amended subpoena on the eve of the close of discovery tripling the number of deposition topics. Dkt. 1 (Motion) at 5. In opposition, UNM urges this Court to transfer the dispute to the presiding court, citing significant overlap between discovery disputes between UNM and defendant ASUSTeK Computer, Inc. and the disputed scope of discovery now before this Court. UNM also argues that resolution of the ASUS

1 subpoena will impact the case schedule in the underlying action, specifically impending expert
2 witness deadlines.  Dkt. 12-3 (Opposition) at 5-7.
3     The Court has determined that this matter may be resolved without oral argument.
4 Civ. L.R. 7-1(b).  For the reasons set forth below, the Court **TRANSFERS** this dispute to the
5 Western District of Texas.
6     Federal Rule of Civil Procedure 45(f) allows for the transfer of a motion to quash from the
7 district of compliance to the issuing district only under "exceptional circumstances."  The mere
8 fact that the issuing court is "familiar" with a case because it has been pending for several years is
9 not, as ACI points out, "exceptional."  Dkt. 12-3 (Opposition) at 5; Dkt. 15 (Reply) at 3.
10 However, here ACI's own arguments demonstrate that the dispute in this Court is entwined with
11 disputes between UNM and ASUSTeK, and rulings by the Texas court regarding those disputes,
12 to such a degree as to warrant transfer.
13     ACI argues to quash the ACI subpoena because "ASUSTeK's witnesses have already
14 testified regarding ACI sales data, the relationship between ASUSTeK and ACI, as well as the
15 numerous other financial topics about which UNM seeks to subpoena ACI."  Dkt. 1 (Motion) at 3-
16 4. In support of this argument, ACI points in part to the transcript of a June 5, 2024, discovery
17 hearing in the Texas court, where ASUSTeK argued against a further production and deposition
18 directed to ASUSTeK financial data, citing its production of an ACI spreadsheet reflecting ACI
19 data as sufficiently responsive.  Dkt. 1 (Motion) at 4-5; Dkt. 1-13 (Hearing Transcript) at pp. 16-
20 17. At the hearing, ASUSTeK states that it does not have sales data because it does not make
21 infringing sales.  Dkt. 1-13 (Hearing Transcript) at pp. 18-19.  Nevertheless, the Texas court
22 ordered ASUSTeK to produce sales data relating to the infringing products within two weeks and
23 to provide a deposition.  Dkt. 1-13 (Hearing Transcript) at pp. 15; 20-21.
24     In sum, in this Court ACI claims undue burden in light of ASUSTeK's production of sales
25 and financial data in the Texas court.  Yet in the Texas court, ASUSTeK claims it does not have
26 sales and financial data.  Further, there is nothing in the record before this Court as to the
27 completeness of ASUSTeK's production and deposition as ordered on at the June 5 discovery
28 hearing.  The claims of ACI and ASUSTeK may not be inconsistent, but the record before this

United States District Court
Northern District of California

Court is not sufficient to make that determination. Because ACI's argument in support of its motion to quash relies upon ASUSTeK's actions in the Texas court, this dispute is more appropriately adjudicated in that Court. Further, in light of the undisputed relationship and identity of counsel between ACI and ASUSTeK, there is relatively little or no burden on ACI to have this matter heard in the Texas court.

ACI also complains of UNM's late, substantial modification to the ACI subpoena near the close of discovery. Dkt. 1 (Motion) at 8. Taken in isolation, UNM's behavior could warrant quashing the ACI subpoena. However, in light of the larger underlying disputes outlined above, such a final determination, if appropriate, is best made by the Texas court.

**SO ORDERED.**

Dated: July 3, 2024

SUSAN VAN KEULEN
United States Magistrate Judge